Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| AIREKO CONSTRUCTION MANAGEMENT SERVICES, LLC.<br>Peticionario<br><br>v.<br><br>VALERY CUETO GONZÁLEZ<br>Recurrida | TA2026CE00640 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm. CG2023CV01640<br><br>Sobre:<br>Daños y Perjuicios; Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Adames Soto, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 29 de junio de 2026.

a.

Comparece Aireko Construction Management Services, LLC. (Aireko o parte peticionaria) a través de recurso de *certiorari*, solicitando que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), el 18 de diciembre de 2025.[1] Mediante el referido dictamen el foro primario concedió en favor de la parte recurrida de epígrafe, costas **y honorarios de abogado**, en la cantidad total de $4,051.50, ($102.00 en costas más $3,949.50 en honorarios de abogado), a ser pagados por Aireko, a raíz del trámite apelativo impulsado por este último, que resultó en una Sentencia que le fue adversa, emitida por un foro hermano en el KLAN202500221.

En desacuerdo, Aireko alza ante nosotros como único señalamiento de error, el que sigue:

Erró y abusó de su discreción el Tribunal de Primera Instancia al concederle a la recurrida honorarios de abogados apelativos

---

[1] Véase, Entrada Núm. 50 de SUMAC-TPI. Posteriormente, esta *Orden* quedó sin efecto, por haber sido emitida sin contar antes el TPI con el Mandato de este Tribunal de Apelaciones. No obstante, recibido dicho Mandato, entonces el TPI reiteró las costas y honorarios de abogado adjudicados, en idéntica cantidades.

imprecedentes y contrarios a lo dispuesto en el Reglamento del Tribunal de Apelaciones, las Reglas de Procedimiento Civil, la doctrina y la jurisprudencia aplicables.

Es decir, Aireko no cuestiona el pago de costas, sino solo la imposición del pago de una suma por honorarios de abogados apelativos, según ordenada por el TPI. El fundamento esencial que nos plantea esta parte para solicitar la revocación de dicha partida por honorarios de abogados es que, en ausencia de una determinación sobre temeridad en la *Sentencia* emitida por el Panel hermano en el KLAN202500221, el foro primario no tenía facultad para imponer honorarios de abogados por el trámite apelativo seguido.

En oposición a tal pedido, el señor José Núñez Camacho, la señora Emma Osorio Rodríguez y la sociedad de bienes gananciales compuesta por estos, (los recurridos), arguyen que la imposición de honorarios de abogados apelativos por el TPI respondió a la conducta temeraria exhibida por Aireko a lo largo de todo el proceso, en un caso que ha resultado innecesariamente prolongando, por causas atribuibles a la conducta contumaz de esta parte.

Tiene razón Aireko, en ausencia de una determinación sobre temeridad en el KLAN202500221, el foro recurrido no podía atribuirse la facultad de imponer honorarios de abogados a la parte allí perdidosa, la aquí peticionaria.

b.

El 26 de junio de 2025 un Panel Especial de este Tribunal de Apelaciones decidió Confirmar[2] una Sentencia emitida por el TPI el 24 de enero de 2025, a través de la cual fue desestimada la Demanda instada por Aireko contra los aquí recurridos.

Tal resultado favorable para los recurridos dio lugar a que presentaran ante el referido Panel hermano, una petición de costas y honorarios de abogados.

No obstante, mediante Resolución del 9 de julio de 2025, el Panel fraterno dispuso lo que sigue con relación a la solicitud de costas y honorarios de abogados apelativos:

> En atención a la Solicitud de Costas y Honorarios de Abogado Bajo la Regla 85 del Reglamento del Tribunal de Apelaciones presentada el 8 de julio de 2025 por la parte demandada-apelada, disponemos: Refiérase a la Regla

---

[2] KLAN202500221.

44.1(C) de las Reglas de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, Regla 44.1(C)[3].

Ante lo cual, los recurridos instaron ante el TPI *Memorándum de costas y honorarios apelativos bajo la Regla 44.1(C) de Procedimiento Civil.* Una vez estos desglosaron los servicios profesionales provistos en la etapa apelante, argumentaron, en lo que nos concierne, que:

> La temeridad está judicialmente confirmada. El Tribunal de Apelaciones en KLAN202500221 **confirmó la determinación de temeridad del TPI**, estableciendo que "la cuantía de $4,000.00 impuesta no nos parece excesiva, no intervendremos con la decisión del TPI." El Tribunal documentó que Aireko prolongó innecesariamente el proceso mediante estrategia procesal indebida, determinando que "todo ello se hubiera evitado de este haber presentado la reconvención en el pleito activo." Esta dilación era completamente evitable. La presentación del recurso de apelación sobre fundamentos ya rechazados por temerarios constituye una segunda instancia de la misma conducta temeraria. Esta escalación evidencia persistencia en conducta ya declarada temeraria judicialmente, desafío directo a determinaciones firmes del TPI, continuación intencional de estrategia procesal dilatoria, e imposición adicional de cargas económicas innecesarias[4].

En definitiva, solicitó al TPI como remedio que "eleve **los honorarios por temeridad** en $3,949.50 adicionales, **correspondientes a la Apelación**, más costas de $102.00, para un total de $4,051.50"[5]. (Énfasis provisto).

A raíz de lo cual el foro recurrido emitió la Resolución cuya revocación nos solicita la parte peticionaria, declarando Con Lugar el *Memorándum de costas y honorarios apelativos bajo la Regla 44.1(C) de Procedimiento Civil,* ordenando el pago de $4,05105

c.

En lo pertinente, la Regla 44.1(c) de Procedimiento Civil, 32 LPRA Ap. V, R.44.1(c), autoriza a la parte a cuyo favor un tribunal apelativo hubiese dictado sentencia, a presentar un memorando de **costas** ante el TPI para recobrar gastos y desembolsos. (Énfasis provisto).

En la misma regla, pero su inciso próximo, Regla 44.1(d) de Procedimiento Civil, 32 LPRA Ap. V, R.44.1(d), se les concede a los tribunales la facultad de imponer el pago de una suma por concepto de honorarios de abogado, cuando

---

[3] Ver Apéndice de la Entrada Núm. 42 de SUMAC.
[4] Entrada Núm. 42 de SUMAC.
[5] Id.

una parte o su abogado han actuado con temeridad o frivolidad durante el proceso litigioso.

Ha sido dicho que el propósito principal de la imposición de honorarios de abogado es establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente a asumir molestias, gastos, trabajo e inconveniencias de un pleito, afectando a su vez el buen funcionamiento y la administración de la justicia. *Vega v. Luna Torres*, 126 DPR 370 (1990).

La imposición de honorarios de abogado es discrecional. *Blás Toledo v. Hospital Nuestra Señora de la Guadalupe*, 146 DPR 267, 334 (1998). Sin embargo, **determinada la existencia de temeridad**, la condena de honorarios es imperativa. Id. (Énfasis provisto). Es decir, la imposición de sanciones por temeridad procede **cuando el tribunal realiza la correspondiente determinación de que una parte ha actuado de esa manera**. *Consejo de Titulares del Condominio Playa Azul II v. Mapfre Praico Insurance Co.*, 2024 TSPR 140. (Énfasis provisto).

Sobre lo mismo, **una vez el tribunal sentenciador concluye que una parte ha sido temeraria**, es imperativa la imposición de honorarios de abogado. *P.R. Oil v. Dayco*, 164 DPR 486, 511 (2005). (Énfasis provisto). No obstante, es menester aclarar que, **aunque en la sentencia haya ausencia de una conclusión expresa de que una parte fue temeraria**, **un pronunciamiento en la sentencia condenando al pago de honorarios de abogado**, implica que el tribunal sentenciador consideró temeraria a la parte así condenada. Entiéndase que, al imponerle honorarios de abogado a una parte, el foro primario realizó una determinación de temeridad. *Rivera v. Tiendas Pitusa, Inc.*, 148 DPR 695, 702 (1999); *Montañez Cruz v. Metropolitan Cons. Corp.* 87 DPR 38, 40 (1962).

Por último, en lo pertinente, la Regla 85(B) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), dispone que **"si el Tribunal de Apelaciones determina que el recurso ante su consideración es frívolo o que se presentó para dilatar los procedimientos"**,

lo denegará o desestimará, según sea el caso, e impondrá los honorarios de abogado. (Énfasis provisto).

d.

Comenzamos por dejar meridianamente claro que **no** estamos revisando, de modo alguno, la imposición de honorarios de abogado por temeridad ordenada por el TPI al aquí peticionario en su Sentencia de 24 de enero de 2025. Tal dictamen sobre temeridad del foro primario fue objeto de revisión y confirmación por una Panel especial, mediante la Sentencia emitida el 26 de junio de 2025, KLAN202500221. Sólo está ante nuestra atención, y atenderemos, la impugnación de honorarios de abogados en la etapa apelativa.

Entonces, conviene llamar la atención al hecho de que, mediante la Resolución emitida por el Panel hermano el 9 de julio de 2025, al atender la solicitud de los recurridos para que impusiera costas y honorarios de abogados a Areiko, dicho foro intermedio se limitó a referir el asunto al TPI para que la atendiera a la luz de lo que dispone la Regla 44.1(C) de las Reglas de Procedimiento Civil de Puerto Rico, supra. Según citamos tal regla, en su contenido se dispone para la imposición de **costas** a la parte perdidosa en el trámite apelativo, pero nada ordena sobre la imposición de honorarios de abogados, asunto que es atendido en la Regla 44.1, **pero en su inciso (d)**.

Es decir, no cabe interpretar que, a través de su Resolución de 9 de julio de 2025 el Panel especial ordenara la imposición de honorarios de abogados, por cuanto la regla que citó no contiene expresión alguna sobre ello, (se limita a las costas apelativas, repetimos).

Por otra parte, y tal como lo argumenta Areiko ante nosotros, resulta indudable que, al Panel especial emitir la Sentencia en el KLAN202500221, no hizo determinación alguna sobre temeridad o frivolidad en la presentación del recurso de apelación que atendió, como tampoco estableció el pago de honorarios de abogados por tal radicación. Dicho de otra manera, en el contenido del KLAN202500221 tampoco encontramos una determinación de temeridad por el Panel fraterno o la imposición de honorarios de abogados en contra del aquí peticionario.

Lo anterior dispone de la controversia que se nos planteó pues, como citamos de la jurisprudencia sobre el tema, la determinación sobre temeridad precede la imposición de honorarios de abogados (esta última es imperativa si se determina temeridad), o, al menos, en el dictamen tiene que haberse plasmado la imposición de honorarios de abogado, aunque no se mencione la temeridad. En torno a esto, reiteramos, la Sentencia en el KLAN202500221 no contiene una orden para el pago de honorarios de abogados apelativos, tampoco expresión alguna sobre temeridad en la etapa apelativa.

Por último, visto que la Regla 85(B) de nuestro Reglamento, supra, a quien faculta para imponer honorarios de abogado en la etapa apelativa es a este Tribunal de Apelaciones, -si juzga que el recurso *es frívolo o que se presentó para dilatar los procedimientos*-, no le competía asumir tal facultad al TPI, reservada a nosotros, en ausencia de una expresión por este foro intermedio sobre temeridad u honorarios de abogados en el KLAN2022500221. Si el Panel hermano hubiese deseado que el foro *a quo* impusiera honorarios de abogado apelativos, así lo hubiese manifestado, pero no lo hizo. Ante la inexistencia de tal expresión por la Sentencia del Panel especial, incidió el TPI al imponer la partida por honorarios de abogados apelativos.

**Parte Dispositiva**

Por los fundamentos expuestos, expedimos el recurso de *certiorari* solicitado y revocamos la Resolución recurrida, solo en lo referente a la imposición de honorarios de abogados apelativos. A tenor, se ordena revocar la partida por honorarios de abogados impuesta a Areiko en la etapa apelativa.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones